IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **LORRAINE BAUGH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-2093-JTF-tmp |
| | ) |
| **ROBERT WILKIE, et al.,** | ) |
| | ) |
| Defendants. | ) |

_____

REPORT AND RECOMMENDATION
_____

On February 5, 2020, plaintiff Lorraine Baugh filed a *pro se* complaint and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) The undersigned granted leave to proceed *in forma pauperis* by separate order. (ECF No. 8.) Pursuant to § 1915, in proceedings *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Baugh, who is employed at the Memphis VA Medical Center,

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

brings suit against Robert Wilkie, the Secretary of Veterans Affairs, for violations of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). (ECF No. 1 at 1.) Baugh also lists four individuals as defendants. (ECF No. 1 at 2.) The complaint, however, does not provide any facts regarding these individuals or the role they played in the events underlying Baugh's complaint. Accordingly, Baugh fails to state a claim against the individual defendants. See Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

In any event, Title VII, the ADA, and the ADEA all "limit liability to the employer." Wathen v. Gen. Elec. Co., 115 F.3d 400, 404 n.6 (6th Cir. 1997); see also Han v. Univ. of Dayton, 541 F. App'x 622, 629 (6th Cir. 2013) ("Title VII does not allow for liability on the part of any person or entity other than Plaintiff's 'employer.'"); Williams v. McLemore, 247 F. App'x 1, 9 (6th Cir. 2007) ("[T]he ADA does not provide for personal liability for defendants sued in their individual capacities."); Robinson v. Rueggeberg, No. 1:15-cv-82, 2015 WL 4698432, at *2 (S.D. Ohio Aug. 6, 2015) ("As a matter of law, neither Title VII nor the ADA allow for liability against an individual.); Sicuso v.

Carrington Golf Club, LLC, No. 17-13938, 2019 WL 296703, at* 8 (E.D. Mich. Jan. 23, 2019) ("The ADEA does not provide for individual liability for supervisors or agents."); Corley v. Bliss, No. 3:17-cv-01211, 2019 WL 2746776, at *3 (M.D. Tenn. June 6, 2019) ("[I]ndividuals cannot be held personally liable for violations of Title VII. The same holds true for the ADEA[.]") (internal citations and quotation marks omitted).

"Title VII, the ADA, and the ADEA all define 'employer' essentially the same way[.]" Wathen, 115 F.3d at 404 n.6. "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." Colston v. Cleveland Pub. Library, 522 F. App'x 332, 336 (6th Cir. 2013) (quoting Wathen, 115 F.3d at 405-06). "[A]n 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff." Han, 541 F. App'x at 629. Accordingly, even if the individual defendants named by Baugh were involved in the events underlying her complaint in a supervisory or managerial role, the complaint would nevertheless fail to state a claim against them under Title VII, the ADA, or the ADEA.

For the foregoing reasons, it is recommended that the complaint be dismissed to the extent that it seeks to assert Title VII, ADA, or ADEA claims against the individual defendants named in Baugh's complaint. To the extent that the complaint seeks to

assert Title VII, ADA, or ADEA claims against Robert Wilkie, the undersigned recommends allowing the claims to proceed by directing the Clerk to issue and effect service of process.

    Respectfully submitted,

                              s/ Tu M. Pham
                              TU M. PHAM
                              United States Magistrate Judge

                              February 10, 2020
                              Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**