IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LORRAINE BAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:20-cv-02093-JTF-tmp |
| ) | |
| ROBERT WILKIE, DR. MARY FRAIT, ) | |
| DR. NANCY JORDAN, COLLEEN ) | |
| STANHOUSE, and NICOLE MAHONE ) | |
| HAYES, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND PARTIALLY DISMISSING CASE**

Before the Court is Plaintiff Lorraine Baugh's *pro se* Complaint against Defendants Robert Wilkie, the Secretary of the Department Veterans Affairs; Dr. Mary Frait; Dr. Nancy Jordan; Colleen Stanhouse; and Nicole Mahone Hayes ("Defendants"), filed on February 5, 2020. (ECF No. 1.) Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis* (ECF No. 2.), which was granted on February 10, 2020 (ECF No. 8), and a Motion for Appointment of Counsel (ECF No. 3), which was denied on February 10, 2020. (ECF No. 9.) Plaintiff, who is employed at the Memphis VA Medical Center, asserts that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). The Magistrate Judge, upon screening Plaintiff's complaint, entered a Report and Recommendation on February 10, 2020 to **PARTIALLY DISMISS** Plaintiff's claims. (ECF No. 8.) No objections were filed by Plaintiff. For the reasons

below, the Court **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation to **PARTIALLY DISMISS** Plaintiff's Complaint.

## FACTUAL HISTORY

On August 28, 2015, Plaintiff received a 10-day suspension. (ECF No. 1-1, 2.) In late September 2015, a supervisor yelled at Plaintiff and told her she was out of her scope of practice. (*Id.*) Beginning in September 2018, Plaintiff has been denied promotion to GS-7/8/9 level. (*Id.*) Beginning in September 2018, Plaintiff has not received performance appraisal. (*Id.*) On November 24, 2015, a co-worker called Plaintiff "Honey BooBoo" and told Plaintiff she was "dumber than dirt." (*Id.*) In December 2015, the same co-worker contacted the police and accused Plaintiff of threatening to kick her behind and take her hair. (*Id.*) Beginning December 3, 2015, the Psychologist and Chief of Mental Health blocked Plaintiff's access to her healthcare providers by requiring that she report to security before her appointments. (*Id.*) The same co-worker followed Plaintiff in the hallway and loudly berated her. (*Id.*) From December 3, 2015 until May 3, 2016, Plaintiff was placed on Authorized Absence. (*Id.*) In January 2016, the Psychologist came to Plaintiff's office daily for two weeks and harassed Plaintiff. (*Id.*) From February 14, 2016 to February 16, 2016, Plaintiff's medical records were accessed without her permission. (*Id.*) On March 8, 2016, Plaintiff received a proposed Removal. (*Id.*) On April 18, 2016, the Removal was mitigated to a 14-day suspension. (*Id.*) On April 18, 2016, Plaintiff was informed that beginning May 5, 2016, she could return to duty and was assigned to the same area as before. (*Id.* at 3.) Beginning in April 2016, Plaintiff has received no response to her request for a reasonable accommodation. (*Id.* at 3.) On September 9, 2016, a second co-worker followed Plaintiff to the canteen and made comments about why Plaintiff was in the canteen. (*Id.* at 3.) On September 22, 2016, Plaintiff was not informed about a meeting cancellation. (*Id.* at 3.) Currently, the Chief of

Mental Health has failed to address continued efforts to isolate Plaintiff. (*Id.* at 3.) The second co-worker continues to send derogatory emails to Plaintiff and fails to include Plaintiff on communication emails. (*Id.* at 3.) On January 5, 2017, the Chief Nurse harassed, confronted, and embarrassed Plaintiff about being late. (*Id.* at 3.) As of January 5, 2017, Plaintiff has not received promotion to a GS-9 level position. (*Id.* at 3.)

## **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b), magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn.

Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

<u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

<u>Standard of Review for Failure to State a Claim</u>

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*,

631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

## ANALYSIS

Because Plaintiff has not filed any Objections, the Court reviews the Magistrate Judge's Report and Recommendation for clear error. *See* Fed. R. Civ. P. 72(b). Plaintiff brings suit against Defendants for violations of Title VII, the ADEA, and the ADA. (ECF No. 1, 1.) As to Defendants Dr. Mary Frait, Dr. Nancy Jordan, Colleen Stanhouse, and Nicole Mahone Hayes, the Complaint does not indicate what position they had at the Memphis VA Medical Center. Title VII, the ADEA, and the ADA limit liability to an employer and define "employer" essentially the same way. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n. 6 (6th Cir. 1997). That is, an "employer" does not include supervisors, managers, or co-workers of a plaintiff. *Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013). Here, Plaintiff alleges no facts indicating that Defendants Dr. Mary Frait, Dr. Nancy Jordan, Colleen Stanhouse, and Nicole Mahone Hayes were "employers" for purposes of Title VII, the ADEA, or the ADA. Thus, they cannot be liable for the alleged Title VII, ADEA, or ADA violations. The Court adopts the Magistrate Judge's recommendation that the Court dismiss the Title VII, the ADEA, and the ADA claims against Defendants Dr. Mary Frait, Dr. Nancy Jordan, Colleen Stanhouse, and Nicole Mahone Hayes for failure to state a claim.

As to Defendant Robert Wilkie, the Secretary of the Department of Veterans Affairs, the Magistrate Judge recommended that the Court allow all claims to proceed against him. (ECF No. 8, 4.) The Sixth Circuit has held that the proper defendant in civil actions brought by federal employees to enforce their Title VII rights is "the head of the department, agency, or unit."

*Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988) (citing 42 U.S.C. § 2000e-16(c)). As Defendant Robert Wilkie is the head of the Department of Veterans Affairs, he is the proper defendant in Plaintiff's Title VII claim. Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's Title VII claim proceed. The Sixth Circuit has not yet answered whether that same rule applies to the ADEA. However, other federal courts of appeals and district courts in the Sixth Circuit have held that the only proper defendant in an ADEA action is the head of the department, agency, or unit, just like Title VII provides. *See Delaney v. Potter*, No. 3:06-0065, 2006 U.S. Dist. LEXIS 60667, at *11 n. 3 (M.D. Tenn. Aug. 24, 2006); *Seaton v. Perdue*, No. 5:16-cv-309-JMH, 2017 U.S. Dist. LEXIS 121868, at *7 (E.D. Ky. Aug. 2, 2017); *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). Because Defendant Robert Wilkie is the head of the Department of Veterans Affairs, he is the proper defendant in Plaintiff's ADEA claim. Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's ADEA claim proceed. However, as for ADA claims, the United States and any corporation wholly owned by the government of the United States are specifically excluded from the definition of "employer" under 42 U.S.C. § 12111(5)(B)(i). Robert Wilkie, the Secretary of the Department of Veterans Affairs, is not a proper defendant for Plaintiff's ADA claim because the Department of Veterans Affairs—a federal agency— is not an "employer" under the ADA. Plaintiff cannot state an ADA claim of failure to accommodate her disability against Defendant Robert Wilkie. Accordingly, the Court rejects the Magistrate Judge's recommendation that Plaintiff's ADA claim against Defendant Robert Wilkie proceed and this claim is dismissed. The Court also notes that even if it interpreted Plaintiff's ADA claim as a claim under the Rehabilitation Act, which is a federal employee's "exclusive remedy for employment related discrimination based on a disability," Plaintiff offers no facts to

support such a claim as there are no facts indicating that Plaintiff has a disability of any kind. *Plautz v. Potter*, 156 F. App'x 812, 815 (6th Cir. 2005).

## **CONCLUSION**

Upon a *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS with prejudice** Plaintiff's Title VII, ADEA, and ADA claims as to Defendants Dr. Mary Frait, Dr. Nancy Jordan, Colleen Stanhouse, and Nicole Mahone Hayes and **REJECTS** the Magistrate Judge's Report and Recommendation to allow Plaintiff's ADA claim against Defendant Robert Wilkie to proceed. Accordingly, Plaintiff's ADA claim against Defendant Robert Wilkie is **DISMISSED with prejudice**. Plaintiff's Title VII and ADEA claims against Defendant Robert Wilkie are allowed to proceed and this Court directs the Clerk to issue and effect service of process.

**IT IS SO ORDERED** this 12th day of March, 2020.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
United States District Judge