IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **LORRAINE BAUGH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-2093-JTF-tmp |
| | ) |
| **ROBERT WILKIE,** | ) |
| | ) |
| Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

On February 5, 2020, plaintiff Lorraine Baugh filed a *pro se* complaint against Robert Wilkie, United States Secretary of Veterans Affairs, asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").[1] (ECF No. 1.) Baugh also filed a motion for leave to proceed *in forma pauperis*, which the undersigned granted on February 10, 2020. (ECF Nos. 2 & 7.) Because Baugh is proceeding *in forma pauperis*, the court conducted a screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

At the screening stage, the court dismissed Baugh's ADA claims and allowed the Title VII and ADEA claims against Wilkie to proceed.[2] (ECF No. 10, at 7.) The court directed the Clerk to issue and effect service of process as to Wilkie. (Id.) For cases in which the plaintiff is proceeding *in forma pauperis*, § 1915(d) and Fed. R. Civ. P. 4(c)(3) require the court to "order that service be made by a United States marshal or deputy marshal."

In this case, the U.S. Marshals Office filed a summons returned executed as to Robert Wilkie. (ECF No. 12.) The government seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(5), which permits a defendant to seek dismissal for insufficient service of process, on the grounds that there has been no showing of service completed upon the United States. (ECF No. 13.) In the alternative, the government requests issuance of a show cause order requiring service upon defendant pursuant to FRCP 4(i). (Id.)

Rule 4(i)(2) provides that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or

---

[2]The court also dismissed with prejudice all Title VII, ADA, and ADEA claims asserted against individual defendants named in the complaint. (ECF No. 10, at 7.)

employee." Fed. R. Civ. P. 4(i)(2). According to Rule 4(i)(1), service upon the United States requires that the serving party:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

The government argues that dismissal is appropriate in this case "where the Plaintiff made no attempts to timely serve the Defendant and neglected to contact Defendant to make them aware of the federal suit." (ECF No. 13, at 3.) The government additionally notes that "[w]hile it was the responsibility for Plaintiff to serve the United States Attorney's Office, Western District of Tennessee, the Attorney General for United States, and Secretary Wilkie, the district court directed service on Defendant Secretary Robert Wilkie only." (Id.) Contrary to the government's assertion, it was not Baugh's responsibility to effect service; rather,

pursuant to § 1915(d) and Fed. R. Civ. P. 4(c)(3), it was the responsibility of the U.S. Marshals Office. "[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996); see also Reed-Bey v. Pramstaller, 607 F. App'x 445, 450 (6th Cir. 2015).

Prior to submitting this report and recommendation, the undersigned entered an order to reissue and effect service of process upon the United States in accordance with Fed. R. Civ. P. 4(i)(1). (ECF No. 15.) Accordingly, it is recommended that defendant's motion to dismiss based on insufficient service be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 4, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE**

**SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**