IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **LORRAINE BAUGH,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:20-cv-02093-JTF-tmp |
| ) | |
| **ROBERT WILKIE,** ) | |
| ) | |
| Defendant. ) | |

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS**
_____

Before the Court is the Motion to Dismiss, or Alternatively, Motion to Request Issuance of Show Cause Order of the United States, on behalf of Defendant Robert Wilkie, filed on October 16, 2020. (ECF No. 13.) The United States moves for dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5), or alternatively, pursuant to Federal Rule of Civil Procedure 4(i), requests a show cause order requiring service upon Defendant. (*Id.* at 1.) The Chief Magistrate Judge entered a Report and Recommendation on December 4, 2020 and therein, recommended that Defendant's Motion to Dismiss be denied. (ECF No. 16.) No objections were filed by either party. For the reasons provided herein, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Dismiss.

**FACTUAL HISTORY**

On February 5, 2020, Plaintiff filed her *pro se* Complaint against Robert Wilkie, the Secretary of Veterans Affairs, alleging violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.* (ECF

1

No. 1.)  On February 10, 2020, the Chief Magistrate Judge entered an Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 7), and a Report and Recommendation on Plaintiff's Complaint (ECF No. 8).  The Report and Recommendation on Plaintiff's Complaint recommended that the Title VII, ADA, and ADEA claims against Robert Wilkie be permitted to proceed.  (ECF No. 8, 4.)  On March 12, 2020, this Court entered an Order Adopting in Part and Rejecting in Part Magistrate Judge's Report and Recommendations and Partially Dismissing Case ("March 12, 2020 Order").  (ECF No. 10.)  This Court adopted the Chief Magistrate Judge's recommendation to allow the Title VII and ADEA claims against Defendant Wilkie to proceed.  (*Id.*)  This Court directed the Clerk to issue and effect service of process for the Title VII and ADEA claims against Defendant Wilkie.  (*Id.* at 7.)  On June 9, 2020, the United States Marshals Office filed proof of service indicating that the summons for Defendant Wilkie was executed.  (ECF No. 12.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b), magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.  28 U.S.C. § 636(b)(1)(A).  Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation.  The standard of review that is applied depends on the nature of the matter considered by the magistrate judge.  *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally

2

applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

## ANALYSIS

Because Defendant has not filed any Objections, the Court reviews the Chief Magistrate Judge's Report and Recommendation for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee notes. Federal Rule of Civil Procedure 12(b) allows a party to move to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4(i) states that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). As to service upon the United States, Rule 4(i) provides that the serving party is required to:

(A)

> (i)  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B)     send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C)     if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).  Rule 4(m) provides a 90-day time limit for service.  Fed. R. Civ. P. 4(m). As the Chief Magistrate Judge's Report and Recommendation indicates, because Plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) require a court to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  (ECF No. 16, 2.)  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Defendant's Motion states that this Court's March 12, 2020 Order directed service upon Wilkie only and that accordingly, no service had been made upon the United States in compliance with Fed. R. Civ. P. 4(m), (i)(1).  (ECF No. 13, 2.)  As the Chief Magistrate Judge found, Defendant's Motion attempts to hold Plaintiff responsible for the lack of service upon the United States.  (ECF Nos. 13, 3 & 16, 3–4.)  Defendant's Motion also requests that—should the Court extend the service period upon a showing of good cause by Plaintiff—the Court enter a "show cause order requiring Plaintiff to serve Defendant in an appropriate period."  (ECF No. 13, 4.)  The Chief Magistrate Judge rejected Defendant's argument and found that Plaintiff is not responsible for the service but that rather, such responsibility rests with the United States Marshals Office pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).  (ECF No. 16, 3–4.)  Reviewing for clear error, the Court finds no reason to disturb this finding.  *Byrd*, 94 F.3d at 219.

On December 4, 2020, the Chief Magistrate Judge entered an Order to Reissue and Effect Service of Process Upon the United States. (ECF No. 15.) Therein, the Chief Magistrate Judge "ordered that the Clerk shall reissue process, and the U.S. Marshals shall effect service upon the United States in accordance with Fed. R. Civ. P. 4(i)(1)." (*Id.* at 4.) The summons returned executed, filed on December 29, 2020, indicates that Defendant Wilkie, the United States Attorney General, and the United States Attorney for the Western District of Tennessee have been served. (ECF No. 19.) Accordingly, Defendant's Motion to Dismiss, or Alternatively, Motion to Request Issuance of Show Cause Order is **DENIED**.

## CONCLUSION

Upon review for clear error, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Dismiss**.**

**IT IS SO ORDERED** this 12th day of February, 2021.

*s/John T. Fowlkes, Jr*.  
JOHN T. FOWLKES, JR.  
United States District Judge